IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDI N. WESLEY,

          Plaintiff,

v.                                                                       Case No. 06-4070-SAC

MP NEXT LEVEL, LLC,

          Defendant.

_____

**ORDER**

      This matter comes before the court upon defendant MP Next Level, LLC's Amended Motion to Compel (Doc. 20) and plaintiff's Motion to Amend Scheduling Order (Doc. 21). No responses were filed in opposition to defendant's Motion to Compel and the time for doing so has expired. Defendant filed a response (Doc. 23) in opposition to plaintiff's Motion to Amend Scheduling Order; however, no replies were filed to this motion and the time for doing so has expired. The court therefore deems these matters ripe for disposition.

**I.    Defendant's Amended Motion to Compel (Doc. 20).**

      In its motion, defendant seeks plaintiff's responses to the Defendant's Interrogatories to Plaintiff, Set 1, Defendant's First Request to Plaintiff for the Production of Documents, and Defendant's Request to Plaintiff for the Production of Medical Authorizations. In addition to seeking these responses, defendant also seeks $1,500.00 in attorney's fees associated with the filing of the instant motion.

Defendant originally filed its Motion to Compel on April 17, 2007.[1] However, defendant failed to attach to its motion copies of any disputed discovery that was the subject of its motion to compel, as required by D. Kan. R. 37.1. As a result of this failure, the court denied defendant's motion to compel without prejudice on April 19, 2007.[2] Defendant subsequently re-filed its Amended Motion to Compel (Doc. 20) on April 23, 2007.

As the court previously noted, no responses were filed in opposition to defendant's Amended Motion to Compel and the time for doing so has expired. D. Kan. Rule 7.4 provides in relevant part: "The failure to file a brief or response within the time specified within Rule 6.1[(d)][3] shall constitute a waiver of the right thereafter to file such a brief or response . . . . If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Because no response has been filed in opposition to defendant's motion, the court finds that it should treated as uncontested.

### A. Certification Requirement.

The court first considers whether defendant has satisfied the good faith certification requirement. Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[4] In addition, D. Kan. R. 37.2 states that

---

[1] *See* Defendant's original Motion to Compel (Doc. 18).

[2] *See* Order Denying Without Prejudice Motion to Compel (Doc. 19).

[3] Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions . . . shall be filed and served within 14 days."

[4] Fed. R. Civ. P. 37(a)(2)(B).

"[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[5]  Failure to confer or failing to attempt to confer may result in unnecessary motions. "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[6]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[7]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[8]

The court finds that defendant has satisfied its certification requirement. Defendant's counsel attached an affidavit as an exhibit to defendant's motion to compel. This affidavit, along with several accompanying exhibits, demonstrate that defendant's counsel has made a good faith attempt to confer with opposing counsel prior to filing the instant motion.  As a result, the court finds that defendant has satisfied the certification requirement.

### B. Defendant's Discovery Requests.

The court next considers whether defendant's motion to compel is timely. D. Kan. R. 37.1(b) states in pertinent part:

> **Time for Filing Motions.** Any motion to compel discovery in compliance with

---

[5] D. Kan. R. 37.2. "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id*.

[6] *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 302 (D. Kan. 1996).

[7] D. Kan. Rule 37.2.

[8] *Id.*

>D. Kan. Rules 7.1 and 37.2 *shall be filed and served within 30 days of the default*[.] (emphasis added).

The court, in reviewing defendant's motion as well as the exhibits attached thereto, notes that it appears plaintiff's responses and/or answers to defendant's propounded discovery were due on or before March 5, 2007.[9]  Therefore, in order to be timely, defendant would have needed to file a motion to compel within thirty days of plaintiff's default, on or before April 4, 2007.  However, defendant did not file its motion on or before April 4, 2007.  Rather, defendant, without seeking any extension of time or leave of court to do so, filed its motion to compel on April 17, 2007[10] – more than thirty days after plaintiff's default.  Because defendant filed the instant motion to compel more than thirty days after plaintiff's default, the court finds defendant's motion to compel to be untimely.

However, defendant's untimeliness is exacerbated by the fact that plaintiff failed to file a response to defendant's motion, rendering defendant's untimely motion to be uncontested.[11]  These competing deficiencies thus leave the court with a troubling dilemma as how to best resolve this matter knowing neither party has complied fully with the rules.

---

[9]*See* April 4, 2007 letter to Mr. Dean, attached as Exhibit 1 to defendant's Amended Motion to Compel (Doc. 20) at p.5.  ("Defendant has yet to receive Plaintiff's responses to the Defendant's Interrogatories to Plaintiff, Set 1, Defendant's First Request to Plaintiff for the Production of Documents, Defendant's Request to Plaintiff for the Production of Medical Authorizations. *These were due to be served upon us on or before March 5, 2007.*") (emphasis added).

[10]*See* defendant's original Motion to Compel (Doc. 17), which the court denied without prejudice on April 19, 2007, and defendant subsequently re-filed on April 23, 2007.

[11]D. Kan. R. 7.4 ("If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

Upon a full review of the record, it is the court's view that the most appropriate way to proceed in this instance is to grant defendant's motion to compel as uncontested, but to deny defendant's request for monetary sanctions. While the court acknowledges that Fed. R. Civ. P. 37(a)(4)(A) provides for monetary sanctions when the court grants a motion to compel, Rule 37(a)(4)(A) provides discretion to the court to disallow sanctions if "other circumstances make an award of expenses unjust." The court finds defendant's repeated failure to adhere to this court's local rules to be such "other circumstances"that make an award of sanctions unjust in this instance. Specifically, defendant failed to adhere to this court's local rules when it filed its original Motion to Compel (Doc. 18), as defendant failed to attach the disputed discovery as required by local rule.[12] Defendant also failed to adhere to this court's local rules and time limitations in filing of its motion, as the court has found defendant's motion to be untimely. Both of these failures have caused the court to expend resources in evaluating defendant's motion above and beyond what would normally be required in evaluating a motion to compel. Therefore, while the court is inclined to grant defendant's motion to compel as uncontested, the court will deny defendant's request for monetary sanctions. The court will now consider plaintiff's Motion to Amend Scheduling Order (Doc. 23).

## II.     Plaintiff's Motion to Amend Scheduling Order (Doc. 21).

Specifically, plaintiff seeks an additional sixty (60) days with which to complete discovery, up to and including June 22, 2007. Plaintiff moves for this extension of time because plaintiff's counsel, Neil Dean, has been "dealing with several medical issues which have taken

---

[12]*See* Order Denying Without Prejudice Defendant's Motion to Compel (Doc. 19) (denying defendant's original motion to compel for failure to comply with D. Kan. R. 37.1(a)).

him out of work for approximately three months over the course of the above captioned matter." Plaintiff further states that her counsel "only returned to work on a full time basis in the middle to latter part of February 2007."

Defendant, in its response, states in part that defendant "would not oppose the motion if counsel provided medical evidence substantiating his claim that he had been incapacitated due to medical reasons for three months." However, because plaintiff's counsel has failed to provide such substantiation to defendant's counsel, defendant now contends that the court should deny plaintiff's motion. Defendant additionally contends, "Even assuming that medical evidence exists, plaintiff's motion should nonetheless be denied because counsel [for plaintiff] freely admits that he returned to work on a full-time basis in the middle or latter part of February 2007. Therefore no good cause exists to extend the discovery deadline."

As an initial matter, the court notes that pursuant to the Scheduling Order in this case (Doc. 12), all discovery deadline was to be completed on or before April 23, 2007. The court further notes that no extensions of the discovery deadline were sought by any party prior to April 23, 2007. Finally, the court observes that plaintiff filed the instant motion to extend discovery on April 24, 2007 – one day after the deadline for completion of discovery. Therefore, the court finds plaintiff's motion to be untimely.

D. Kan. R. 6.1(a) provides in pertinent part:
> Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect.

Plaintiff in this case contends her counsel had "medical issues which have taken him out of work" until mid to late February 2007; however, plaintiff's counsel offers no explanation as to why plaintiff's motion for extension of time was not filed prior to the April 23, 2007, discovery

deadline. This lack of explanation is troubling, as it is the court's view that if plaintiff's counsel was back working full time as of mid to late February 2007, plaintiff's counsel should have been able to seek an extension of discovery prior to the April 23, 2007, discovery deadline. In other words, while plaintiff's counsel may have demonstrated good cause[13] in plaintiff's motion as to why discovery ought to be extended in this case, plaintiff's counsel has failed to demonstrate sufficient "excusable neglect" as to why the court should consider an extension which was not sought prior to the discovery deadline.

Nonetheless, to ameliorate any further prejudice to the plaintiff by virtue of the conduct of plaintiff's counsel, it is the court's view that – particularly in light of the court's decision to grant defendant's Motion to Compel despite defendant's counsel's procedural deficiencies– that the parties shall be allowed an additional forty-five (45) days to fully discover this case. This decision is based on the court's view that the deficiencies demonstrated by both plaintiff's and defendant's counsel– Mr. Dean and Ms. Phan, respectively – should not unduly prejudice the interests of their clients. Therefore, the court shall grant in part plaintiff's Motion to Amend Scheduling Order (Doc. 21).

As a final matter, while no sanctions are ordered at this time, Mr. Dean and Ms. Phan should be aware, and are hereby put on notice, that the court will not hesitate to impose

---

[13] The court disagrees with defendant that the court should deny plaintiff's motion because "[p]laintiff's counsel has again failed to provide defense counsel and the Court with medical evidence substantiating such claim[.]" Rather, the court takes plaintiff's counsel – as an officer of the court – at his word that, due to medical considerations, he was unable to participate in discovery for approximately three months of the discovery period. However inconvenient plaintiff's counsel medical issues might have been for defendant and its counsel, the court finds that plaintiff has demonstrated sufficient good cause for an extension of discovery in this instance.

sanctions in response to any future repetition of this sort of behavior.

An attorney's failure to comply with the court's rules, deadlines, or orders in a case, frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk.  These possible negative consequences should provide an attorney with adequate incentives to diligently comply with the rules of procedure, deadlines established, and orders issued in a case even without the possibility of sanctions.  However, should these incentives alone prove insufficient, Mr. Dean and Ms. Phan should be mindful of the strong probability of serious sanctions for any repetition of this behavior in the future.  The court strongly urges counsel to heed this warning and admonition as the court will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition.  Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Amended Motion to Compel (Doc. 20) is hereby granted in part and denied in part.  Plaintiff shall serve upon defendant complete substantive answers, consistent with this order to Defendant's Interrogatories to Plaintiff, Set 1, Defendant's First Request to Plaintiff for the Production of Documents, Defendant's Request to Plaintiff for the Production of Medical Authorizations on or before **June 18, 2007.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Scheduling Order (Doc. 21) is hereby granted in part and denied in part.  Specifically,

(1) The discovery deadline is hereby extended to and including **July 19, 2007**;

(2) The deadline for submission of the parties' agreed Pretrial Order is hereby

extended to **August 3, 2007**; and

(3) The Final Pretrial Conference is hereby re-scheduled for **August 10, 2007, at 9:30 a.m.** in Topeka, Kansas.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge