IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDI N. WESLEY,

                Plaintiff,

v.                                                      Case No.   06-4070-SAC

MP NEXT LEVEL, LLC,

                Defendant.

### **REPORT AND RECOMMENDATION**

This matter comes before the court upon the Honorable Sam A. Crow's Minute Order referring for Report and Recommendation defendant's Motion to Dismiss Plaintiff's Complaint for Discovery Violations and for Award of Attorney's Fees and Costs with Memorandum of Law in Support (Doc. 29).[1] Plaintiff has not filed a response to the underlying motion, and the time to do so has passed.

    **I.**    **Background**

Plaintiff filed the Complaint in this action on June 26, 2006.[2] On December 22, 2006, counsel for all parties participated in a telephone scheduling with the court at which time deadlines were established for the completion of pretrial activities as reflected in the Scheduling Order.[3]

---

[1] *See* Minute Order (Doc. 30).

[2] *See* Complaint (Doc. 1).

[3] (Doc. 12).

On April 17, 2007, defendant filed a Motion to Compel Discovery,[4] which the court denied without prejudice on April 19, 2007.[5] At this time, the court instructed defendant to re-file its motion with attached portions of the interrogatories, requests, and responses in dispute to fully comply with D. Kan. R. 37.1. On April 23, 2007 counsel for defendant filed an Amended Motion to Compel Discovery and For Attorneys' Fees & Costs.[6] The Amended Motion sought an Order (i) compelling plaintiff to respond to defendant's Interrogatories, Request for Production of Medical Authorizations, First Request for Production of Documents, and Request for Production of Employment Authorizations; (ii) requiring plaintiff to pay reasonable attorneys' fees in connection with filing the Amended Motion to Compel; (iii) requiring plaintiff to pay for the costs and expenses incurred by defendant when plaintiff's deposition was continued due to plaintiff's failure to provide discovery responses and (iv) dismissal of plaintiff's lawsuit if she failed to comply with the Court's Order regarding the Amended Motion to Compel. No response was filed to the Amended Motion to Compel.

On April 24, 2007, plaintiff filed a Motion to Amend the Scheduling Order.[7] Defendant filed a response to this motion on May 7, 2007.[8] In the Motion, plaintiff requested an additional sixty days within which to complete discovery. Counsel for plaintiff stated that he had experienced

---

[4] (Doc. 18).

[5] (Doc. 19).

[6] (Doc. 20).

[7] (Doc. 21).

[8] (Doc. 23).

medical issues over the previous months and was unable to complete discovery as originally scheduled.

On June 4, 2007, the court entered an order granting in part and denying in part defendant's Amended Motion to Compel and granting in part and denying in part plaintiff's Motion to Amend Scheduling Order.[9]  With regard to defendant's Amended Motion to Compel, the court ordered plaintiff to produce the requested discovery, but declined to award any monetary sanctions.  The court ordered plaintiff to serve upon defendant complete substantive answers to Defendant's Interrogatories to Plaintiff, Set 1, Defendant's First Request to Plaintiff for the Production of Documents, and Defendant's Request to Plaintiff for the Production of Medical Authorizations by June 18, 2007.  Regarding plaintiff's Motion to Amend Scheduling Order, the court allowed a forty-five day extension of discovery, or until July 19, 2007.

The court cautioned both counsel for plaintiff and defendant that the court would not hesitate to impose sanctions should either party fail to abide by the court's rules, deadlines and orders.  The court stated:

> "An attorney's failure to comply with the court's rules, deadlines, or orders in a case, frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk.  These possible negative consequences should provide an attorney with adequate incentives to diligently comply with the rules of procedure, deadlines established, and orders issued in a case even without the possibility of sanctions.  However, should these incentives alone prove insufficient, Mr. Dean and Ms. Phan should be mindful of the *strong probability of serious sanctions* for any repetition of this behavior in the future.  *The court strongly urges counsel to heed this warning and admonition as the court will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition.*" (emphasis added).

---

[9] (Doc. 24).

On June 27, 2007 defendant filed the instant motion.[10] No response was filed by plaintiff. In the motion, defendant states that plaintiff failed to serve substantive responses to defendant's discovery requests by June 18, 2007 pursuant to the court's Order[11] entered June 4, 2007. Therefore, counsel for defendant sent plaintiff's counsel by facsimile, email and U.S. mail a letter dated June 19, 2007, stating defendant had not received outstanding written discovery requests and if the discovery was not produced by June 20, 2007, defendant would move the court to dismiss the action. Counsel for defendant states that plaintiff never responded to defendant's correspondence.

Plaintiff's counsel filed a Notice of Service[12] on June 29, 2007, stating he had served upon defendant Responses to Defendants' Interrogatories and Responses to Defendant's Requests for Production. On July 10, 2007 counsel for defendant, H. Le Phan, filed an affidavit stating defendant had received no such responses.

**II.    Analysis**

Plaintiff has not filed a response to defendant's motion seeking dismissal of this action under the time outlined in D. Kan. Rule 6.1(d). Normally, "[t]he failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[13]

---

[10] (Doc. 29).

[11] (Doc. 24).

[12] (Doc. 32).

[13] *See* D. Kan. Rule 7.4.

4

Rule 37(d) provides in part

[i]f a party …fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. …In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In turn, Rule 37(b)(2)(C) allows the court to issue "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party."

Here, plaintiff has failed to respond to defendant's Motion to Dismiss (Doc. 29) and has failed to produce written discovery to defendant in violation of this court's Order.[14] Additionally, by all appearances plaintiff failed to comply with the Scheduling Order of this court by not participating in the parties' pretrial activities. In fact, plaintiff's counsel is not current on his annual registration dues for this District despite frequent email notifications from the Clerk's office. Counsel for plaintiff does not appear on the active registration roll for the State of Kansas either. Moreover, the court's recent attempts at communication have proved unsuccessful as plaintiff's counsel's telephone is disconnected and his email address is non-functioning.

In light of plaintiff's repeated failures to participate in discovery and comply with orders of the court, as well as plaintiff's counsel's failure to communicate with opposing counsel and the court, it can only conclude that plaintiff and her counsel are not serious about prosecution of this

---

[14] (Doc. 24).

case and are not willing to comply with their obligations under the Federal Rules of Civil Procedure and the rules and orders of this court. Indeed, the court notes that this is not the first instance where plaintiff's counsel has failed to participate in discovery.[15]

Fed. R. Civ. P. 37(b)(2)(B) states if a party fails to obey an order to provide or permit discovery the court *shall* require the party failing to obey the order, or the attorney advising the party, or both, to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the court finds the failure was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff and plaintiff's counsel failed to respond to defendant's discovery requests, even after being cautioned by the court of the probability of serious sanctions should discovery violations continue. Furthermore, plaintiff has provided no justification for her failure to respond to the requested discovery. Accordingly, the court finds sanctions pursuant to Rule 37(b)(2)(B) appropriate under the circumstances. Plaintiff's counsel shall be required to pay expenses related to the filing of the instant motion in an amount the court deems reasonable. While defendant also asks the court to award expenses related to the cancellation of defendant's deposition, the court declines to do so. The court notes that the same request was made in defendant's Amended Motion to Compel, and denied in the court's Order.[16]

Accordingly,

---

[15] *See* e.g., *Dougherty v. City of Stockton*, No. 05-4145-SAC, 2006 U.S. Dist. LEXIS 61714 (D. Kan. August 29, 2006)(the Honorable Sam A. Crow dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 37(b)(2)(C)); *Hernandez v. Goodwin*, No. 04-4153-SAC, 2005 U.S. Dist. LEXIS 38325 (D. Kan. Dec. 13, 2005)(the Honorable Sam A. Crow dismissing plaintiff's complaint and adopting the undersigned's report and recommendation to dismiss the case for plaintiff's failure to appear at his properly noticed deposition); *Wesley v. MP Next Level*, LLC, No. 06-4070-SAC, (Doc. 30)(referring the undersigned for report and recommendation regarding defendants' Motion to Dismiss Plaintiff's Complaint for Discovery Violations).

[16] (Doc. 24).

**IT IS THEREFORE RECOMMENDED** that defendant's Motion to Dismiss Plaintiff's Complaint for Discovery Violations and for Award of Attorney's Fees and Costs with Memorandum of Law in Support (Doc. 29) be granted.

**IT IS FURTHER RECOMMENDED** that counsel for defendant submit an affidavit to the court, providing an accounting of defendant's attorneys' fees and expenses related to the filing of the instant motion by March 10, 2007.  The court will then determine if such expenses are reasonable.

Copies of this recommendation and report shall be mailed either electronically or via the United States Postal Service to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

**IT IS SO ORDERED.**

Dated this 29th day of February, 2008, at Topeka, Kansas.

> s/ K. Gary Sebelius
> K. Gary Sebelius
> U.S. Magistrate Judge